UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

HADJI HAIDARA,

                Petitioner,

                                                      **Hon. Hugh B. Scott**

           v.

                                                        07CV616A

                                                          **Report**
                                                           **&**
CHARLES MULE, et. al.,                     **Recommendation**

                Respondents.
_____

This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(C) (Docket No. 13, Apr. 4, 2008). The instant matter before the Court is the Petition for Habeas Corpus (Docket No. 1). In opposition to the Petition, Respondents filed their Answer and Return (Docket No. 7) and Memorandum of Law (Docket No. 8).

## BACKGROUND

Petitioner, proceeding pro se, is a native of Mali admitted to the United States on or about February 2000 as a nonimmigrant with authorization to remain in the United States for only six months but who stayed beyond that period (Docket No. 7, Decl. of Donald Vaccaro, dated Dec. 14, 2007, ¶ 5, Ex. A at 5; see Docket No. 1, Pet. ¶¶ 4, 10). Respondents are various immigration and other government officials (including the Attorney General) charged with maintaining custody of petitioner and for providing his ultimate removal (see Docket No. 1, Pet. ¶¶ 5-8).

On or about October 18, 2004, petitioner was convicted in New York State Supreme Court of attempted assault in the first degree and sentenced to 3½ years imprisonment and 5 years post-release supervision (id. ¶ 6, Ex. A at 5, 7-8).  Petitioner then was placed in removal proceedings by a Notice to Appear, dated June 22, 2005, which charged him as an alien subject to removal for staying in this country longer than permitted and as an alien convicted of an aggravated felony offense (id. ¶ 7, Ex. A at 4-6).  An immigration judge ordered petitioner's removal and he did not appeal that administrative decision (id. ¶ 8, Ex. A at 3).  Pursuant to that order of removal, a warrant of removal/deportation was issued on January 26, 2007 (id. ¶ 9, Ex. A at 1-2).  Petitioner was taken into Bureau of Immigration and Customs Enforcement ("BICE") custody on February 15, 2007, and has remained in BICE custody[1] (Docket No. 1, Pet. ¶ 4; Docket No. 7, Vaccaro Decl. ¶¶ 9-10, Ex. A, at 9, 15).

On March 6, 2007, the Department of Homeland Security ("DHS") sent a presentation packet to the Embassy of Mali requesting a travel document be issued for petitioner's removal (Docket No. 7, Vaccaro Decl. ¶ 11, Ex. A at 9, 14) and that request remains pending with the Mali Embassy (id. ¶ 11).  Respondents contend that, while no travel documents have yet been issued, there is no indication that such documents would not be issued (see id. ¶ 13).  On April 30, 2007, a custody review was completed for petitioner and DHS determined to continue custody over petitioner (id. ¶¶ 14, 15).

---

[1]Petitioner initially was placed in the Buffalo Federal Detention Center, Batavia, New York, but later was transferred to Port Isabel Service Processing Center, in Los Fresnos, Texas, Docket No. 7, Vaccaro Decl. ¶ 17.  For purposes of this Petition, petitioner is deemed to remain in custody in Batavia New York, see id.

DHS continues to have an expectation that petitioner will be removed from this country in the reasonably foreseeable future (id. ¶ 19).

*Present Action*

Petitioner commenced this action (Docket No. 1) challenging his continued detention in BICE custody; cf. Real ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, Div. B (May 11, 2005) (depriving district courts of jurisdiction over challenges to validity of removal orders). Petitioner alleges that efforts to obtain travel documents for him from the Mali officials "were fruitless as the Consulate refused to respond to ICE on a [sic] travel documents for the Petitioner" (Docket No. 1, Pet. ¶ 12). He argues that his continued detention is beyond six months and the fact that he will not be removed to Mali renders it illegal (Docket No. 1, Pet. ¶¶ 32-33). This detention also violates his Fifth Amendment substantive due process rights (id. ¶¶ 35-36) and his procedural due process rights since he was deprived meaningful review of his continued detention(id. ¶ 38).

## DISCUSSION

Congress has mandated the detention of criminal aliens (like petitioner) ordered removed. 8 U.S.C. § 1231(a)(2). The Immigration and Nationality Act affords the Attorney General ninety days in which to accomplish the removal and the alien may be detained for this period. Id. § 1231(a)(1)(A)-(B); see also id. § 1231(a)(6) (detention of convicted aliens pending removal).

Here, petitioner seeks relief from his detention under Zadvydas v. Davis, supra, 533 U.S. 678 (2001), where the Supreme Court defined what constituted "reasonable time" for detention under 8 U.S.C. § 1231 beyond the initial ninety-day removal period. Under Zadvydas, the government can hold him only for up to six months as a presumptively reasonable period of

detention following the initial ninety-day removal period.  533 U.S. at 701.  The longer an alien like petitioner subsequently is detained, "what counts as the 'reasonably foreseeable future' conversely would have to shrink."  Id.  The standard under Zadvydas is that the petitioner has to show that his continued detention is due to the reasonable belief that there is no significant likelihood of his removal in the foreseeable future, id.

Respondents argue that DHS has successfully repatriated aliens to Mali (28 aliens in fiscal year 2004, 22 in fiscal year 2005, and 15 in fiscal year 2006) and that, although no travel documents have been obtained for petitioner, there is no indication that such papers will not be issued for him (Docket No. 7, Vaccaro Decl. ¶¶ 18, 13).  They assert that petitioner has the burden of showing that there is good reason to believe that there is no significant likelihood of his repatriation to Mali in the reasonably foreseeable future and that petitioner has not met this burden (Docket No. 7, Ans. & Return ¶¶ 18-19).  They conclude that petitioner fails to state a claim and that his Petition should be dismissed (id. ¶ 16).

Here, petitioner has been in BICE custody since February 15, 2007, slightly more than six months when petitioner filed the Petition in September 19, 2007.  But efforts are underway with the Mali embassy to obtain travel papers for petitioner's removal.  Petitioner has not met his burden of establishing that his repatriation to Mali would not happen in the reasonably foreseeable future.  Petitioner merely makes the general assertion that he will not be returned to Mali in the foreseeable future.  Unlike the cases cited by petitioner (cf. Docket No. 1, Pet. ¶ 13), Mali has not refused to issue petitioner travel documents nor has Mali ambiguously answered when it would produce such documents nor has it failed to respond to ICE inquiries.  The embassy has pending DHS's request for travel documents for petitioner, forwarding the

documents back to Mali.  An embassy representative stated that he did not know how long it would be before Mali issued travel documents (Docket No. 7, Vaccaro Decl. Ex. A, at 12 (travel document issuance log notation for July 18, 2007)).  As of December 2007, that request remains pending.  DHS has a track record of obtaining travel documents from Mali for removal of its citizens from the United States.  Furthermore, petitioner commenced this action days after the six months has run.  Just because an alien has been in BICE custody for more than six months does not justify his release under Zadvydas.

On the present record, the Petition for Habeas Corpus should be **denied**.

## CONCLUSION

Based upon the above, it is recommended that the Petition for Habeas Corpus (Docket No. 1) be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby ordered that this Report & Recommendation be filed with the Clerk of the Court and that the Clerk shall send a copy of the Report & Recommendation to all parties.

**ANY OBJECTIONS to this Report & Recommendation must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Report & Recommendation in accordance with 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b) and W.D.N.Y. Local Civil Rule 72.3(a).**

**FAILURE TO FILE OBJECTIONS TO THIS REPORT & RECOMMENDATION WITHIN THE SPECIFIED TIME OR TO REQUEST AN EXTENSION OF SUCH TIME WAIVES THE RIGHT TO APPEAL ANY SUBSEQUENT DISTRICT COURT'S**

**ORDER ADOPTING THE RECOMMENDATIONS CONTAINED HEREIN.**  Thomas v. Arn, 474 U.S. 140 (1985); F.D.I.C. v. Hillcrest Associates, 66 F.3d 566 (2d Cir. 1995); Wesolak v. Canadair Ltd., 838 F.2d 55 (2d Cir. 1988).

The District Court on de novo review will ordinarily refuse to consider arguments, case law and/or evidentiary material which could have been, but was not, presented to the Magistrate Judge in the first instance.  See Patterson-Leitch Co. Inc. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985 (1st Cir. 1988).

Finally, the parties are reminded that, pursuant to W.D.N.Y. Local Civil Rule 72.3(a)(3), "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 72.3(a)(3) may result in the District Court's refusal to consider the objection.**

SO ORDERED.

*/s/ Hugh B. Scott*
Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
April 11, 2008